IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SINMIER, LLC, | : | CASE NUMBER 3:19-cv-705 |
| Plaintiff, | : | JUDGE JAMES G. CARR |
| vs. | : | DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER |
| VINTRO HOTELS & RESORTS OHIO LLC, et al., | : | |
| | : | |
| Defendants. | : | |

A. INTRODUCTION[1]

Defendant, Vintro Hotels & Resorts Ohio LLC ("Vintro"), is an Ohio limited liability company. It purchased the property located at 5513 Milan Road, Sandusky, Ohio 44870, on September 8, 2018. The property was valued at closing at more than $19,000,000.00. (Declaration ¶5). Plaintiff, Sinmier, LLC, provided financing for the purchase. Originally, Sinmier was to provide Fourteen Million Dollars of financing. (Declaration ¶10). However, just prior to closing, Sinmier reduced the amount of financing it agreed to provide and changed certain terms of the loan transaction. (Declaration ¶10). Given the time constraints and that the purchase of the property was scheduled to close, Vintro Hotels entered into a promissory note and mortgage agreement with Sinmier.

---

[1] Neither of the Defendants have been served with the Complaint. By filing this Brief, Defendants do not waive any defenses they have to the Complaint, including, without limitation, jurisdictional defenses, and defenses relating to lack of or improper service.

1

Sinmier also presented Vintro with an escrow agreement through which Vintro escrowed Two Million Dollars of funds to be used for improvements and operating expenses at the property. (Declaration ¶11). The terms of the escrow agreement were changed just prior to closing. (Declaration ¶11). Nevertheless, Vintro fulfilled its obligations under the escrow agreement and provided a post-closing survey. (Declaration ¶12). Sinmier never presented the agreement required by Section 3(d)(ii). Even though it created the breach of the escrow agreement, except for an initial draw, Sinmier refused to release additional funds under the escrow agreement. (Declaration ¶13). The parties anticipated that the funds held in escrow would be used to pay Sinmier and other costs until Vintro obtained funds from other sources. When Sinmier refused to allow Vintro to draw from the escrow account, Sinmier created an alleged default under the note and mortgage. Sinmier now claims Vintro has failed to fulfill certain terms of the promissory note and mortgage agreement.

After the transaction closed, Sinmier, through its principal, Pargat Grewal, and Dante Bacall, an individual affiliated with the proposed receiver, Superior Hospitality Group of Ohio, LLC, inspected and toured the property. (Declaration ¶17). Sinmier and its principal, Pargat Grewal, represented that the individual affiliated with Superior was its agent and representative regarding the property. (Declaration ¶17). The proposed receiver, Superior Hospitality Group of Ohio, LLC, was not formed until March 20, 2019. (Declaration ¶18, Ex. B). It has no history of operating in the State of Ohio, let alone operating as a receiver for a property this size.

The value of the property is sufficient to discharge the mortgage debt, including amounts added to the indebtedness to represent a payoff figure.[2] (Declaration ¶¶20, 23). Vintro Hotels &

---

[2] On April 15, 2019, Sinmier, LLC provided Vintro with payoff letter claiming that the payoff amount was $8,323,860.39. Vintro disputes that amount. Notwithstanding, the value of the property far exceeds the payoff obligations, whatever that amount might be.

2

Resorts of Ohio LLC has not been dissolved, it is not insolvent, it is not imminent danger of insolvency, and has not forfeited its limited liability company rights to operate in the State of Ohio. (Declaration ¶24). The property is not in danger of being lost or material injured. (Declaration ¶21). Improvements to the property will only increase its value. There are no existing leases on the property; no rents have or will be paid for the property and none have been received since purchase of the property. (Declaration ¶19). Vintro Hotels & Resorts intends to operate the property when the improvements are completed. (Declaration ¶19).

B.  LAW AND ARGUMENT

1.  28 U.S.C. §3103 Does Not Confer A Basis For Foreclosure.

The argument that a receiver is authorized pursuant to 28 U.S.C. §3103 fails as a matter of law. The statute applies only to an application made by the United States:

> (a) **Appointment of a Receiver.**
> If the requirements of section 3101 are satisfied, a court may appoint a receiver for property in which the debtor has a substantial nonexempt interest if the United States shows reasonable cause to believe that there is a substantial danger that the property will be removed from the jurisdiction of the court, lost, concealed, materially injured or damaged, or mismanaged.

Similarly, 28 U.S.C. §3101 only applies if the application is made by the United States:

> (a) **Application.**
> **(1)** The United States may, in a proceeding in conjunction with the complaint… make application under oath to a court to issue any prejudgment remedy.

Inasmuch as the United States is not a party to this proceeding, 28 U.S.C. §3103 does not apply.[3] Since 28 U.S.C. §3103 does not confer any authority upon Plaintiff, a private person, Plaintiff cannot claim the right to appoint a receiver under 28 U.S.C. §3103.

---

[3] Even if the statute applied, the receiver's authority is limited by the jurisdictional constraints of Article III and other curbs on Federal Court jurisdiction. See, U.S. Const. Art. III, Sec. 2, Cl. 1; *Kelley v. College of St. Benedict*, 901 F. Supp.2d 1123 (D. Minn. 2017).

2. <u>This Court Should Not Appoint A Receiver Since The Value Of The Property Exceeds The Alleged Indebtedness, And The Property Is Not In Danger Of Being Lost, Squandered, Injured, And Will Not Diminish In Value</u>.

Sinmier did not establish the criteria for appointment of a receiver. The appointment of a receiver is the exercise of an extraordinary, drastic, and sometimes harsh power and is only to be exercised when the failure to do so would place the petitioning party in danger of suffering an irreparable loss or injury. *Ohio Bur. of Workers' Comp. v. Am. Professional Emp., Inc.*, 184 Ohio App.3d 156, 2009-Ohio-2991, ¶11 (10th Dist.) citing *Equity Ctrs. Dev. Co. v. S. Coast Ctrs., Inc.*, 83 Ohio App.3d 643, 649 (8th Dist. 1992). Because the appointment of receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights. *Clarkwestern Dietrich Bldg. Sys., LLC v. Certified Steel Stud Assoc.*, 2017-Ohio-8129, 98 N.E.3d 860, ¶21. Unless Sinmier can meet the stringent standard, the Motion to Appointment Receiver should be denied.

The fact that one or more of the criteria enumerated in R.C. 2735.01 exists, does not satisfy Sinmier's extraordinary burden. The satisfaction of one or more of the statutory criteria does not automatically or necessarily entitle the movant to the appointment of a receiver. *Ohio Bur. of Workers' Comp. v. Am. Professional Emp., Inc.*, 184 Ohio App.3d 156, 2009-Ohio-2991 at ¶13. Satisfaction of the statutory criteria only enables the trial court to utilize its discretion to decide whether to appoint a receiver. *Id*. Even if one or more of the statutory criteria are met, the decision to appoint a receiver remains discretionary. *Id*.

Although, arguably, the mortgage in this case provides for the appointment of receiver thereby satisfying R.C. 2735.01(b), the other criteria of the statute have not been met. The

4

mortgaged property is not in danger of being lost, removed, materially injured, diminished in value, or squandered.  (Declaration ¶21).  The property was valued at closing at over Nineteen Million Dollars.  (Declaration ¶5).  Vintro Hotels & Resorts Ohio LLC is improving the facility, investing additional funds to make the property productive.  (Declaration ¶8).  The value of the property is more than sufficient to discharge the mortgage debt.  (Declaration ¶23).  Its value is nearly Nineteen Million Dollars without improvements.  Once improvements to the property are made, the value should be well in excess of that amount.  In this case, a receiver is not necessary to enforce a contractual assignment of rents and leases.  There are no tenants in the building; the building is going to be an owner operated facility once the improvements to the property are completed.  (Declaration ¶19).  There are no rents to collect and no leases to be enforced.  (Declaration ¶19).  A judgment has not been issued.  Therefore, R.C. 2735.01(A)(4) and (5) do not apply.

This case does not involve a situation where a corporation, limited liability company, partnership, limited partnership, or other entity has been dissolved, is insolvent, is in imminent danger of insolvency, or its corporate, limited liability company, partnership, limited partnership, or other entity rights have been lost or forfeited.  Therefore, application of  R.C. 2735.01(A)(7) is not necessary for the preservation of Plaintiff's rights.  Vintro's possession, occupation, and improvement to the real property enhances the security Plaintiff has in the building.  A receiver is not necessary and would not provide any benefit or service to the property.

       3.      <u>The Proposed Receiver Is Not Qualified To Serve Under R.C. 2735.02</u>.

The proposed receiver, Superior  Hospitality Group of Ohio, LLC, is not a disinterested person qualified to serve as a receiver.  R.C. 2735.02 states:

> No party, attorney for a party, or person interested in an action shall be appointed receiver in the action except by consent of all of the parties to the action and all

other persons holding a recorded ownership interest in or a recorded or filed lien on the property that is subject to the action. No person except a resident of this state shall be appointed or act as receiver of a corporation , partnership, limited liability company, or other entity created under the laws of this state. … .

The proposed receiver is an agent, representative, or affiliated with Plaintiff. Dante Bacall, a person believed to be a principal of the proposed receiver, Superior, represented Plaintiff in a walk through of the property following closing of the loan transaction. (Declaration ¶18). Since the proposed receiver has an interest in the action, R.C. 2735.02 disqualifies Superior Hospitality Group of Ohio, LLC from serving in that capacity.

Nor is Superior Hospitality Group of Ohio, LLC qualified to act a receiver. It has no operating history in the State of Ohio. The entity was formed on March 20, 2019.[4] (Declaration ¶18). No list of qualifications has been provided because, in all probability, none exists since the entity has existed for just over one month.

The mere fact that Plaintiff nominated Superior Hospitality Group of Ohio, LLC as receiver does not control. The statute provides that "No nomination of qualified persons for the receivership is binding upon the court." R.C. 2735.02. Not only is Superior Hospitality Group not qualified, but also Plaintiff's proposed receiver is not binding on this Court.

The notion that an entity established in March, 2019, with no operating history in the State of Ohio, and no principals who are residents of the State of Ohio, serve without bond is also inappropriate. This property is worth at least Nineteen Million Dollars. If this Court is inclined to appoint a receiver, a bond in that amount should be required.

---

[4] Defendants believe that the entity was formed solely for the purpose of proposing that it serve as a receiver in this action.

C. <u>CONCLUSION</u>

For the reasons set forth, Defendants, Vintro Hotels & Resorts Ohio LLC and Inderjit Grewal, request that this Court deny Plaintiff's Motion for Appointment of Receiver.

                Respectfully submitted,

                DINN, HOCHMAN & POTTER, LLC

                <u>/s/ Steven B. Potter</u>
                STEVEN B. POTTER (0001513)
                5910 Landerbrook Drive, Suite 200
                Cleveland, Ohio 44124
                Telephone: (440) 446-1100
                Facsimile: (440) 446-1240
                E-Mail: spotter@dhplaw.com
                Attorneys for Defendants

CERTIFICATE OF SERVICE

    I hereby certify that on April 25, 2019, the foregoing Defendants' Brief in Opposition to Plaintiff's Motion for Appointment of Receiver was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                DINN, HOCHMAN & POTTER, LLC

                                                /s/ Steven B. Potter
                                                STEVEN B. POTTER (0001513)
                                                Attorneys for Defendants