IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SINMIER, LLC, | : | CASE NUMBER 3:19-cv-705 |
| Plaintiff, | : | JUDGE JAMES G. CARR |
| vs. | : | <u>DECLARATION</u> |
| VINTRO HOTELS & RESORTS OHIO LLC, et al., | : | |
| | : | |
| Defendants. | : | |

I, Inderjit Grewal, declare under penalty of perjury and under the laws of the United States, the following is true and correct and t hat this Declaration is executed on April 25, 2019 at Sandusky, Ohio.

1. I know the following facts from my personal knowledge, individually or as managing member of Defendant, Vintro Hotels & Resorts Ohio LLC.

2. If called and sworn as a witness, I could testify competently to the facts set forth in this Declaration.

3. Defendant, Vintro Hotels & Resorts of Ohio LLC, is an Ohio limited liability company with its principal place of business in Ohio.

4. On September 8, 2018, Vintro Hotels & Resorts of Ohio LLC purchased the property located at 5513 Milan Road, Sandusky, Erie County, Ohio 44870.

5. The Property was valued at closing at more than $19,000,000.00.

6. Vintro Hotels & Resorts of Ohio LLC purchased the property with plans to improve and operate the property.

1

7. The property is to be operated as a hotel, waterpark, and resort.

8. The total cost of improvements to be made to the property is $35,000,000.00. To date, approximately $1,300,000.00 of improvements have been made.

9. Plaintiff, Sinmier, LLC, provided financing for the purchase of the property.

10. Originally, Sinmier was to provide $14,000,000.00 worth of financing. The terms of the loan were changed reducing the amount loaned to $7,000,000.00 and increasing the interest rate. Prior to closing Sinmier demanded that $7,000,000.00 be held in escrow until an ALTA survey was submitted. The demand was reduced to $2,000,000.00.

11. Sinmier insisted Vintro execute an escrow agreement in which the $2,000,000.00 was deposited into an escrow account to be released to Vintro Hotels & Resorts of Ohio LLC upon certain terms and conditions. The terms of the escrow agreement were changed just prior to closing. A copy of the escrow agreement is attached as Exhibit A.

12. Notwithstanding the changes in the escrow agreement, Vintro Hotels & Resorts of Ohio LLC fulfilled its obligation under Section 3(d)(i) of the agreement to provide a survey post-closing.

13. Vintro Hotels & Resorts of Ohio LLC is ready, willing and able to fulfill all of the terms of the escrow agreement; however, Plaintiff has refused to comply with its obligations under the escrow agreement and, in particular, Section 3(d)(ii) of the escrow agreement.

14. The parties knew that the funds held in the escrow agreement were to be used to fund certain improvements and to make initial payments under the terms of the promissory note and loan agreement with Sinmier.

15. Sinmier's own conduct created the alleged default under the note and mortgage agreement.

16. There are more than sufficient funds being held in escrow to pay any monthly payments allegedly due Sinmier. Sinmier's conduct prevent the release of escrowed funds.

17. Following closing, Sinmier's principal, Pargat Grewal, and Dante Bacall, an individual whom I currently believe to be a principal in Superior Hospitality Group of Ohio, LLC, inspected the property. Mr. Grewal and Mr. Bacall represented that Mr. Bacall was a representative and/or agent of Sinmier.

18. Superior Hospitality Group of Ohio, LLC was not formed until March 20,2 019. See Exhibit B.

19. There are no leases or rents to collect for the property. Vintro intends to operate the property.

20. The value of the property is more than sufficient to pay any alleged indebtedness on the promissory note and under the mortgage agreement.

21. The property is not in danger of being lost, removed, or materially injured.

22. The improvements Vintro is making to the property will increase its value.

23. The value of the property is sufficient to discharge the mortgage debt.

24. Vintro Hotels & Resorts of Ohio LLC has not been dissolved, it is not insolvent, it is not in imminent danger of insolvency, and it has not forfeited its limited liability rights.

_____
Inderjit Grewal